AUGUST J. HAUPTLI, JR., AND BARBARA HAUPTLI, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hauptli v. Commissioner
Docket No. 8254-87
United States Tax Court
T.C. Memo 1991-72; 1991 Tax Ct. Memo LEXIS 105; 61 T.C.M. (CCH) 1964; T.C.M. (RIA) 91072; February 26, 1991, Filed *105 Decision will be entered for the respondent. Held: (On remand.) The term of the lease of gas cylinders by petitioners was indefinite, and thus for purposes of section 46(e)(3)(B), the term is not "less than 50 percent of the useful life of the property." Thomas J. Kennedy, for the petitioners. Osmun R. Latrobe, for the respondent. WHITAKER, Judge. WHITAKER
SUPPLEMENTAL MEMORANDUM OPINION In Hauptli v. Commissioner, T.C. Memo 1988-518, and incorporated herein by this reference, we determined that the compressed gas cylinders used by petitioner in his cylinder-leasing business were governed by Rev. Proc. 83-35, 1983-1 C.B. 745, and belonged in Asset Guideline Class 57.0, which applies in general to wholesale and retail trades. We interpreted the regulations to require us to focus on A & R Welding Supply Corp. (A & R), the lessee of petitioner and the lessor of the end-users of the cylinders, with the result that we determined the useful life of the cylinders to be 9 years. As a result, we concluded that the term of the 5-year lease exceeded the limitation of section 46(e)(3)(B) [1] in that *106 the term is more than 50 percent of the 9-year life. On appeal in a judgment entered on May 8, 1990, [2] the Court of Appeals for the Tenth Circuit reversed and remanded the case for further proceedings. The Court of Appeals held that we should have looked to A & R's lessees to establish the class life of the cylinders. We were directed to determine the business activity of the end-user lessees if possible. If that is not possible, we are directed to determine the class life in accordance with the procedures described in Rev. Proc. 86-36, 1986-2 C.B. 596. The Court of Appeals also gave us the option of deciding this case on the basis of respondent's alternate contention that the term of the lease between the taxpayers and A & R was in excess of the original 5-year period by virtue of the automatic 1-year renewal built into the agreement. *107 With regard to the first instruction of the Court of Appeals, the parties have stipulated for purposes of our present consideration that from a practical standpoint "it is not feasible on remand to determine the class life, if any, which would be applicable to the gas cylinders involved in this case." Thus, we are required either to apply Rev. Proc. 86-36 or to reach respondent's alternate contention. We will address the latter. Section 46(e)(3)(B) in pertinent part provides that a noncorporate lessor is allowed an investment tax credit only if "the term of the lease (taking into account options to renew) is less than 50 percent of the useful life of the property." Respondent both in his original brief and in his supplemental brief on remand argues forcefully that the term of the lease was "open-ended" and that the parties had "no realistic contemplation of or expectation that a termination would take place." Therefore, he contends, the 50-percent test has not been met. The lease between A & R and petitioner provided that after the initial term the lease would continue from year to year until terminated by not less than 12 months' prior written notice. *108 We found in our prior opinion that, on the date of the agreement, "there was no understanding or agreement between the parties to the lease as to whether the lease would be allowed to continue in effect or be terminated at the end of the 5-year initial term. Neither was there any understanding or agreement as to whether the cylinders would be purchased pursuant to the purchase option." Hauptli v. Commissioner, T.C. Memo 1988-518, 1988 Tax Ct. Memo LEXIS 545, 56 T.C.M. (CCH) 583, 585, T.C.M. (RIA) 88518, at 2649. These findings were not disturbed by the Court of Appeals. On the issue as to the term of the lease, our facts are very similar to those in Ridder v. Commissioner, 76 T.C. 867 (1981), which involved the lease of a tractor truck. The lease in Ridder provided that it would end "'Upon thirty (30) days written notice by either party, or upon mutual consent of both parties on or after July 3, 1975.'" 76 T.C. at 870. We found that the duration of the term was indefinite. The lease was in effect "self-extending." Respondent also calls to our attention three recent cases which he deems pertinent, Owen *109 v. Commissioner, 881 F.2d 832 (9th Cir. 1989), affg. T.C. Memo 1987-375; Connor v. Commissioner, 847 F.2d 985 (1st Cir. 1988), affg. T.C. Memo 1987-223; and our recent opinion in Borchers v. Commissioner, 95 T.C. 82 (1990). These three cases are distinguishable upon their facts since in each case the lessee and the lessor were related. In Borchers, however, which relies on both Owen and Connor, we provided a standard which is applicable here. In deciding whether a lease is of indefinite duration or limited to the definite term specified in the lease, all the facts and circumstances are considered. The duration of the lease is decided based on the "'realistic contemplation' of the parties at the time the lease was entered into." Consequently, if it appears that the substance of the transaction is that the lessee will continue leasing the property beyond the period stated in the lease, then the specified lease term is disregarded and the lease is considered to be of indefinite length. [Borchers v. Commissioner, 95 T.C. at 88; citations omitted.]
Applying the test of *110 Borchers to the facts in this case we to conclude that the lease here was for an indefinite term. The parties herein have stipulated that the gas cylinders "have a physical life of over 35 years unless lost or unusually damaged." It is, however, obvious that a lease with an indefinite term has a term in excess of 50 percent of the useful life of the property, which in this case is 17-1/2 years. On this basis, therefore, we conclude that the gas cylinders in issue here do not qualify for the investment tax credit by reason of the fact that they do not meet the first requirement of section 45(e)(3)(B). Decision will be entered for the respondent. Footnotes
1. Unless otherwise noted, all section references are to the Internal Revenue Code of 1954 as amended and in effect for the year in issue.↩
2. The appellate court opinion is reported at Hauptli v. Commissioner, 902 F.2d 1505↩ (10th Cir. 1990).